IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEUTSCHE LEASING USA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 14 C 6112 |
| ) | |
| HAMP'S ENTERPRISES, LLC, et al., ) | Judge Virginia M. Kendall |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendants, Hamp's Enterprises, LLC ("Enterprises"), Hamp's Construction, LLC ("Construction"), Charlie Hampton ("Charlie"), and Audrey Hampton ("Audrey") move to dismiss Plaintiff Deutsche Leasing USA's ("DLUSA") Complaint under Rules 12(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure. The Complaint seeks a declaration that Enterprise's communications with DLUSA violated a lease between DLUSA and Enterprises (the "Lease"), that the Lease is valid and binding, and an order compelling Enterprises to comply with the Lease. The Lease is part of a sale-leaseback transaction for a piece of construction equipment that DLUSA owns and that Enterprises leases and operates. The remaining defendants are guarantors for Enterprises on that Lease. The equipment has performed poorly since Enterprises took possession of it. DLUSA, fearing that Enterprises would file suit against it as a result of the equipment's performance, filed the present declaratory action against Enterprises and its guarantors. After DLUSA filed the present suit, Enterprises filed a complaint in Louisiana state court against the equipment's manufacturer and broker, but did not name DLUSA as a defendant. Enterprises and its guarantors now move to dismiss, arguing that the Court lacks

subject matter jurisdiction because the Complaint does not state a claim over which the Court has subject matter jurisdiction. They also argue in the alternative that the Court lacks personal jurisdiction over each defendant and that venue is improper. For the reasons stated below, the motion is granted.

## BACKGROUND

The Court treats the following factual allegations from the Complaint and documents attached to it as true for the purposes of this motion. *See Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). DLUSA is a financing corporation. (Compl. ¶ 1). Enterprises, apparently a construction company, is a limited liability company whose members are Audrey and Charlie. (*Id.* ¶ 2). Construction, also apparently a construction company, is a limited liability company whose members are also Audrey and Charlie. (*Id.* ¶ 3). Enterprises leased a Liebherr R946 Track Excavator (the "Excavator") from DLUSA in 2013. (*Id.* ¶ 10). Construction, Aubrey and Charlie acted as guarantors for Enterprises on the Lease. (*Id.* ¶ 9). While the parties to the Lease are DLUSA and Enterprises, a third company, Heavy Machines, Inc. ("HMI"), brought them together. (*Id.* ¶¶ 18-19). Enterprises approached HMI with its interest to acquire the Excavator. HMI arranged for DLUSA to purchase the Excavator and lease it to DLUSA. (*Id.*).

The terms of the lease material to this dispute are fairly simple. The lease provided that Enterprises was to make monthly payments to DLUSA (*Id.* Ex. 1 ¶ 4). Enterprises accepted the Excavator from DLUSA "as is, where is" and agreed that DLUSA made no representations of any kind and disclaimed all warranties as to the quality of the Excavator. (*Id.*Ex. 1 ¶ 12). Enterprises also agreed "regardless of the cause, not to assert any claim whatsoever against [DLUSA] for any indirect, special, incidental, or consequential damages." (*Id.*). DLUSA agreed to assign to Enterprises for the term of the lease "any warranty provided by [HMI]." (*Id.*).

2

Enterprises became dissatisfied with the Excavator's performance early in the term of the Lease. (*Id.* ¶ 15). On June 19, 2014 an attorney for Enterprise contacted HMI describing the problems with the Excavator. (*Id.*). In the letter, the attorney sought to rescind the sale of the Excavator, citing Louisiana law that allows for rescission of sale by a lessee in the event of the type of defects that Enterprises had experienced. (*Id.* Ex. 6 p. 2). The letter also stated that Enterprises was exercising warranties that HMI provided to DLUSA and that had been assigned to Enterprises by the terms of the Lease. (*Id.*).

On July 22, 2014, an attorney for Enterprises wrote to an attorney for DLUSA directly. (*Id.* Ex. 7). The letter described the trouble that Enterprises had had with the Excavator and presented three options. The first option was to amend the original Lease to compensate Enterprises for the trouble it had had with the Excavator; the second option was to agree to terminate the Lease and enter into a new lease for a new piece of equipment that functioned properly; the third option was for Enterprises to "file suit to terminate the sale and the lease." (*Id.* Ex. 7 p. 2). Enterprises expressed the opinion that the second option was the best option, but noted that DLUSA did not seem amenable and, in fact, that DLUSA seemed to prefer the third option. (*Id.*). The letter did not state that the DLUSA would be named as a party in any litigation to cancel the lease.

On August 6, 2014, an attorney for Enterprises against contacted an attorney for DLUSA by letter. (*Id.* Ex. 8). The letter stated that DLUSA had been unwilling to work with Enterprises to reach an amicable resolution. (*Id.*). Enterprises expressed its intention to acquire a new excavator and to return the Excavator to DLUSA. (*Id.*). The letter further stated that Enterprises intended to file suit against HMI and Liebherr, the Excavator's manufacturer, but not against

DLUSA. (*Id.* Ex. 8 p. 2). The letter closed by restating Enterprises's willingness to negotiate a resolution with DLUSA that was acceptable to both parties.

On August 8, 2014, DLUSA filed the Complaint in this case. On August 26, 2014, Enterprises filed suit against HMI and Liebherr, but not DLUSA, in state court in Louisiana. (Dkt. 13 p. 4).

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal for lack of subject matter jurisdiction. For purposes of a Rule 12(b)(1) motion, the Court accepts as true all well-pleaded allegations and draws all reasonable inferences in favor of DLUSA. *See Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). If the Complaint itself does not sufficiently allege a basis for subject matter jurisdiction, the Court simply takes the allegations as true and does not look beyond the allegations in the Complaint. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). However, the Court may also "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether *in fact* subject matter jurisdiction exists." *Miller v. F.D.I.C.*, 738 F.3d 836, 841 (7th Cir. 2013) (emphasis added) (internal quotation marks and citation omitted). The burden of demonstrating that subject matter jurisdiction exists is on the party asserting jurisdiction who must establish its propriety by "competent evidence." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012).

## DISCUSSION

The Declaratory Judgment Act permits the Court to issue declaratory judgments "as long as there is an actual controversy between two parties." *NewPage Wis. Sys. Inc. v. United Steel,*

*Paper & Forestry, Rubber, Mfg., Energy Allied Indus. and Serv. Workers Int'l Union, AFL-CIO/CLC*, 651 F.3d 775, 776 (7th Cir. 2011) (citing *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 126 (2007)); *see also* 28 U.S.C. § 2201. The "actual controversy" requirement of the Declaratory Judgment Act is coextensive with the "case or controversy" standard for determining whether the Court has jurisdiction under Article III. *See MedImmune*, 549 U.S. at 126-27. The dispute must be "real and substantial" and "admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* at 127. "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. When a party seeks a declaratory judgment on the basis that litigation against it is forthcoming, that party "must be able to show that the feared lawsuit from the other party is immediate and real, rather than merely speculative." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002). Threats to sue must reach "such a concrete point that [the declaratory judgment plaintiff] legitimately need[s] a declaration of its rights and other legal relations in order to go forward with the project in question." *Id.* at 712. Such immediacy is not present here.

DLUSA does not plead facts to show that litigation against it is imminent. The letters that Enterprises sent to DLUSA show not that Enterprises was about to file a lawsuit against DLUSA, but instead that Enterprises was well aware it was bound by the Lease. While Enterprises expressed a desire to renegotiate the terms of the lease and mentioned litigation as a potential consequence of unfruitful negotiations, the letters were not an "immediate and real" threat of litigation. Where the letters do mention litigation, they mention litigation against HMI and Liebherr, not against DLUSA. No letter contains a threat of litigation against DLUSA. *Compare*

*Amer. Academy of Orthopaedic Surgeons v. Cerciello*, No. 12 C 3863, 2012 WL 5471108 at *2 (N.D. Ill. Nov. 9, 2012) (finding imminent threat of litigation where declaratory defendant's attorney "specifically said he would file suit" against declaratory plaintiff unless declaratory plaintiff took specified actions), *with United Parcel Serv., Inc. v. Pennie*, No. 03 C 8019, 2004 WL 2064547 at *3 (N.D. Ill. Sept. 8, 2004) (finding no imminent threat of litigation when allegations "merely suggested the possibility" of future litigation). Enterprises was clear that it was not naming DLUSA as a defendant at the time of the letter and was also clear that it would notify DLUSA if its intensions changed in that regard. Though the letters from Enterprises to DLUSA suggest the possibility of future litigation, the threat of litigation was not real and immediate, but merely speculative.

Even if the threat of litigation were real and immediate, that threat alone would not create an actual controversy because DLUSA had not pled facts that show that it "legitimately needed a declaration of its 'rights and other legal relations' in order to go forward" with its business. *See. Hyatt*, 302 F.3d at 712 ("Of course, the threat of suit, however immediate, is not by itself sufficient for the invocation of the federal power to issue a declaratory judgment."). Traditionally in a declaratory judgment action, "the 'natural' defendant wants to proceed with a business opportunity – e.g., the production of widgets – but it is impeded because of a lack of clarity as to its legal rights, fearing something like a possible patent infringement suit." *Id.* at 711 (citing 10B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2751). This is not the case for DLUSA. Indeed, DLUSA's obligations under the Lease were all but complete. All DLUSA was obligated to do was to accept payment from Enterprises and it had done that (and has continued to do so after the filing of this lawsuit). DLUSA was and is concerned with its right to collect payments under the Lease, to be sure, but "[i]t is hard to see

what harm [DLUSA] would have suffered by waiting for [Enterprises] to sue, other than the normal uncertainty a defendant experiences." *Hyatt*, 302 F.3d at 711. For those reasons, this is not a case where DLUSA requires a declaration – judicial or otherwise – of its rights in order to continue its business. Neither the Complaint nor DLUSA's briefing provides any reason that it will suffer any hardship if the Court does not declare the parties' respective rights. Therefore, the Court finds that the facts alleged here are insufficient to support the issuance of a declaratory judgment.

Nor is this a case of anticipatory repudiation that might allow the Court to issue a declaratory judgment. *See Central States, Southeast and Southwest Areas Pension Fund v. Basic Amer. Indus., Inc.*, 252 F.3d 911, 915 (7th Cir. 2001) ("anticipatory repudiation is a breach of contract that entitled the payee to sue without waiting for the date when payment was due to come and go"); *Wis. Power & Light Co. v. Century Indemnity Co.*, 130 F.3d 787, 793 (7th Cir. 1997) ("[anticipatory breach] is just the kind of case for which declaratory relief is designed"). A finding of anticipatory repudiation requires a definite and unequivocal manifestation of intention to breach the contract. *See Carnes Co. v. Stone Creek Mech., Inc.*, 412 F.3d 845, 854 (7th Cir. 2005). Contrary to cases of anticipatory repudiation, Enterprises has not disclaimed any liability under the Lease. *Cf. Wis. Power*, 130 F.3d at 793 ("The insurers have disclaimed liability for all costs . . ."). Even the letter in which Enterprises threatened to return the Excavator to DLUSA does not affirmatively state that it would cease making payments due under the Lease. In fact, in its Louisiana lawsuit against HMI and Liebherr, Enterprises seeks to recover future payments owing to DLUSA under the Lease, suggesting that Enterprises recognizes its continuing obligations under the Lease. Moreover, DLUSA does not dispute that Enterprises has continued

to make required payments under the lease since it sent the second letter.[1] Put simply, Enterprises's actions do not create a live controversy that would warrant a declaratory judgment.

The Court finds that there is no actual dispute ripe for resolution at this time. The Court therefore grants the motion to dismiss the Complaint without prejudice. Because the Court finds that it lacks subject matter jurisdiction over the declaratory action, the Court does not reach the issues of personal jurisdiction or venue.

## **CONCLUSION**

For the reasons stated herein, the motion to dismiss is granted. The Complaint is dismissed.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 2/6/2015

---

[1] It is proper for the Court to consider these payments even though they do not appear on the face of the Complaint. See Miller v. F.D.I.C., 738 F.3d 836, 841 (7th Cir. 2013) (district court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether *in fact* subject matter jurisdiction exists") (emphasis added).